UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GABRIELLA BASS,<br><br>         Plaintiff,<br><br> - against -<br><br>THE WASHINGTON NEWSPAPER PUBLISHING COMPANY, LLC<br><br>         Defendant. | Docket No. 1:17-cv-9139<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Gabriella Bass ("Bass" or "Plaintiff") by and through her undersigned counsel, as and for her Complaint against Defendant The Washington Newspaper Publishing Company, LLC ("Washington" or "Defendant") hereby alleges as follows:

## NATURE OF THE ACTION

1. This is an action for copyright infringement under Section 501 of the Copyright Act and for the removal and/or alteration of copyright management information under Section 1202(b) of the Digital Millennium Copyright Act. This action arises out of Defendant's unauthorized reproduction and public display of two copyrighted photographs of the fearless girl statute on Wall Street, owned and registered by Bass, a New York based professional photographer. Accordingly, Bass seeks monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

## JURISDICTION AND VENUE

2. This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq*., and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. This Court has personal jurisdiction over Defendant because Defendant transacts business in New York.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5. Bass is a professional photographer in the business of licensing her photographs to online and print Washington for a fee having a usual place of business at 44 St. Nicholas Avenue, Apt 3R, Brooklyn, New York 11237.

6. Upon information and belief, Washington is a limited liability company under the laws of the State of Delaware, with a place of business at 1152 15th St. NW, Suite 200, Washington DC 20005. At all times material, hereto, Washington has owned and operated a website at the URL: www.RedAlertPolitics.com (the "Website").

## STATEMENT OF FACTS

### A. Background and Plaintiff's Ownership of the Photographs

7. Bass photographed the fearless girl statute on Wall Street (the "Photographs"). A true and correct copy of the Photographs are attached hereto as Exhibit A.

8. Bass then licensed the Photographs to the New York Post. On May 29, 2017, the New York Post ran an article that featured the Photographs on its web edition entitled *Pissed-off artist adds statue of urinating dog next to 'Fearless Girl'*.  See http://nypost.com/2017/05/29/pissed-off-artist-adds-statue-of-urinating-dog-next-to-fearless-girl/. Bass's name was featured in a gutter credit identifying him as the photographer of the Photographs. A true and correct copy of the Photographs in the article is attached hereto as Exhibit B.

9. Bass is the author of the Photographs and has at all times been the sole owner of all right, title and interest in and to the Photographs, including the copyright thereto.

10. The Photographs are registered with the United States Copyright Office and were given registration number VA 2-055-082.

B. **Defendant's Infringing Activities**

11. On May 31, 2017, Washington ran an article on the Website entitled *In response to 'Fearless Girl' degrading 'Charging Bull' statue, an artist created 'Pissing Pug'*. See http://redalertpolitics.com/2017/05/31/response-fearless-girl-degrading-charging-bull-statue-artist-created-pissing-pug/. The article prominently featured the Photographs. A true and correct copy of the article and screen shots of the Photograph on the article are attached hereto as Exhibit C.

12. Washington did not license the Photographs from Plaintiff for its article, nor did Washington have Plaintiff's permission or consent to publish the Photographs on its Website.

13. Upon information and belief, Washington removed Bass's gutter credit and did not attribute the Photographs to anyone.

**FIRST CLAIM FOR RELIEF**
**(COPYRIGHT INFRINGEMENT AGAINST WASHINGTON)**
**(17 U.S.C. §§ 106, 501)**

14. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-13 above.

15. Washington infringed Plaintiff's copyright in the Photographs by reproducing and publicly displaying the Photographs on the Website. Washington is not, and has never been,

licensed or otherwise authorized to reproduce, publically display, distribute and/or use the Photographs.

16. The acts of Defendant complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

17. Upon information and belief, the foregoing acts of infringement by Washington have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

18. As a direct and proximate cause of the infringement by the Defendant of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to damages and defendant's profits pursuant to 17 U.S.C. § 504(b) for the infringement.

19. Alternatively, Plaintiff is entitled to statutory damages up to $150,000 per work infringed for Defendant's willful infringement of the Photographs, pursuant to 17 U.S.C. § 504(c).

20. Plaintiff further is entitled to her attorney's fees and full costs pursuant to 17 U.S.C. § 505.

21. Defendant's conduct, described above, is causing, and unless enjoined and restrained by this Court, will continue to cause Plaintiff irreparable injury that cannot be fully compensated by or measured in money damages.  Plaintiff has no adequate remedy at law.

**SECOND CLAIM FOR RELIEF**
**INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION AGAINST WASHINGTON**
**(17 U.S.C. § 1202)**

22. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-21 above.

23. When the Photographs was published in the New York Post, the article contained copyright management information under 17 U.S.C. § 1202(b).

24. Upon information and belief, in its article on the Website, Washington intentionally and knowingly removed copyright management information identifying Plaintiff as the photographer of the Photographs.

25. The conduct of Washington violates 17 U.S.C. § 1202(b).

26. Upon information and belief, Washington falsification, removal and/or alteration of the aforementioned copyright management information was made without the knowledge or consent of Plaintiff.

27. Upon information and belief, the falsification, alteration and/or removal of said copyright management information was made by Washington intentionally, knowingly and with the intent to induce, enable, facilitate, or conceal their infringement of Plaintiff's copyrights in the Photographs. Washington also knew, or should have known, that such falsification, alteration and/or removal of said copyright management information would induce, enable, facilitate, or conceal their infringement of Plaintiff's copyrights in the Photographs.

28. As a result of the wrongful conduct of Washington as alleged herein, Plaintiff is entitled to recover from Washington the damages, that he sustained and will sustain, and any gains, profits and advantages obtained by Washington because of their violations of 17 U.S.C. § 1202, including attorney's fees and costs.

29. Alternatively, Plaintiff may elect to recover from Washington statutory damages pursuant to 17 U.S.C. § 1203(c) (3) in a sum of at least $2,500 up to $25,000 for each violation of 17 U.S.C. § 1202.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1. That Defendant Washington be adjudged to have infringed upon Plaintiff's copyrights in the Photographs in violation of 17 U.S.C §§ 106 and 501;

2. The Defendant Washington be adjudged to have falsified, removed and/or altered copyright management information in violation of 17 U.S.C. § 1202.

3. Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's infringement of Plaintiff's Photographs; or b) alternatively, statutory damages of up to $150,000 per copyrighted work infringed pursuant to 17 U.S.C. § 504;

4. That, with regard to the Second Claim for Relief, Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's falsification, removal and/or alteration of copyright management information; or b) alternatively, statutory damages of at least $2,500 and up to $ 25,000 for each instance of false copyright management information and/or removal or alteration of copyright management information committed by Defendant pursuant to 17 U.S.C. § 1203(c);

5. That Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

6. That Plaintiff be awarded her costs, expenses and attorneys' fees pursuant to 17 U.S.C. § 505;

7. That Plaintiff be awarded pre-judgment interest; and

8. Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated: Valley Stream, New York
November 22, 2017

                                          LIEBOWITZ LAW FIRM, PLLC

                                          By: /s/Richard Liebowitz
                                                 Richard P. Liebowitz
                                          11 Sunrise Plaza, Suite 305
                                          Valley Stream, New York 11580
                                          Tel: (516) 233-1660
                                          RL@LiebowitzLawFirm.com

                                          *Attorneys for Plaintiff Gabriella Bass*